**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWNA NAYLOR; SABRINA REEDY; JASMINE GAMBER, <br><br> Plaintiffs, <br><br> vs. <br><br> CA$INO'SSAGE, a Nevada corporation; JENNIFER LUTSI, an individual <br><br> Defendants. | Case No.: 2:19-cv-00963-GMN-EJY <br><br> **ORDER** |

Pending before the Court is the Joint Motion for Approval of Settlement, (ECF No. 28), filed by Plaintiffs Shawna Naylor, Sabrina Reedy, and Jasmine Gamber (collectively, "Plaintiffs") and Defendants Ca$ino'ssage and Jennifer Lutsi (collectively, "Defendants"). Also pending before the Court is the parties' Stipulation of Dismissal with prejudice, (ECF No. 29). For the reasons discussed below, the Court **DENIES** the Motion in part and otherwise **DEFERS** ruling on the Motion and Stipulation, setting the Motion for hearing.

Plaintiffs' Complaint contends that Ca$ino'ssage, Plaintiffs' alleged previous employer, failed to provide minimum wage and overtime pay to Plaintiffs for the casino massage services they furnished as employees. (Compl. ¶¶ 46–47). The parties reached a settlement agreement early in the litigation, and Plaintiffs have not sought certification of a collective, nor have Defendants filed an answer or dispositive motion. (*See* Notice of Settlement, ECF No. 25). The parties now seek the Court's approval of the Settlement Agreements that Defendants reached with each Plaintiff and dismissal of the case. (*See* Joint Mot. Dismiss, ECF No. 28)

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours . . . ." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). To accomplish that end,

the FLSA precludes employees from waiving their rights to minimum wage or overtime pay and authorizes employees to bring suit to recover back wages, liquidated damages, and/or injunctive relief. *Id.* at 740.  Accordingly, when employees settle an FLSA action with their employer, the settlement must be approved by the district court after the court scrutinizes the settlement for fairness. 29 U.S.C. § 216(b); *see, e.g.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) ("*Lynn's Food*").

The Ninth Circuit has not established criteria for determining how the Court should review an FLSA settlement; however, in the absence of binding authority on the issue, most courts within the district have followed the Eleventh Circuit's *Lynn's Food* decision. *See Gamble v. Boyd Gaming Corp.*, No. 2:13-cv-01009-JCM-PAL, 2016 U.S. Dist. LEXIS 90159, 2016 WL 3693743, at *4 (D. Nev. July 11, 2016).  Under *Lynn's Food*, a district court may approve a proposed FLSA settlement when the settlement reflects a "fair and reasonable resolution of a bona fide dispute" as opposed to "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354–55.  When evaluating the fairness and reasonableness of a proposed settlement, the majority of the factors enumerated in Federal Rule of Civil Procedure 23 are instructive. *See Zako v. Hamilton Co.*, No. 2:16-CV-166, 2020 U.S. Dist. LEXIS 12480, 2020 WL 406376 (D. Nev. Jan. 24, 2020).  Rule 23's factors include:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983).  Because an FLSA collective-action settlement is not binding on other putative class members who have not opted into the

collective, the Court performs a less stringent review than it would in a Rule 23 class action. *Acuna v. So. Nev. T.B.A. Supply Co.*, 324 F.R.D. 367, 379 (D. Nev. 2018).

Additionally, the FLSA provides, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See* 29 U.S.C. § 216(b).  When reviewing a settlement's attorney fee allocation, the Court must both determine that the attorney fees allocated in a proposed settlement "were separately reached and without regard to the settlement amount paid to plaintiffs," and that the amount itself is reasonable. *See Gamble*, 2016 WL 3693743, at \*9.  Here, because the Settlement Agreements were reached with each named Plaintiff instead of a certified collective, the fees should be reasonable under the "lodestar method." *Cf. Acuna*, 324 F.R.D. at 383 (explaining that when a settlement produces a common fund, the Court may assess the attorney fees' reasonableness by employing either the lodestar method or a percentage-of-recovery method).  The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal citation omitted).

The Motion does not provide the Court any evidence regarding the fairness and reasonableness of the Settlement Agreements beyond the Agreements themselves.  Nor does the Motion provide any information about how the attorney fees were calculated.  Accordingly, the Court **DEFERS** its ruling and sets the resolution for hearing.

One issue that need not be reviewed at the hearing is whether the Court will approve the confidentiality provision included in each of the Settlement Agreements; the Court will not approve the provision.  Confidentiality agreements are contrary to the terms and purpose of the FLSA because such agreements "thwart[] the informational objective of the [FLSA's] notice requirement by silencing the employee who has vindicated a disputed FLSA right.". *See*

*Gamble*, 2020 WL 3693743, at *8 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)).  Here, the confidentiality provision provides that "the existence, terms, and conditions of this Agreement, including the Settlement Proceeds and other consideration furnished under the Agreement and the negotiations that led to this Agreement shall remain strictly confidential." (*See* Settlement Agreement, "Confidentiality" ¶ 6, Ex. 1 to Joint Mot. Approve Settlement, ECF No. 28-1).  It goes on to say that "Plaintiff has not and will not, either directly or indirectly, or through any other person, agent, representative, including Plaintiff's legal counsel, disclose any of the above information . . . ." (*Id.*).  Because the provision silences the Plaintiffs from communicating about the vindication of their rights, the Court finds the provision unreasonable and unenforceable.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **DENIES** approval of ¶ 6, "Confidentiality," of each of the Settlement Agreements.

**IT IS FURTHER ORDERED** that the Court **DEFERS** its ruling on whether to approve the remaining provisions of the Settlement Agreements.

**IT IS FURTHER ORDERED** that the parties shall appear for a Motion hearing via Zoom Videoconference on July 15, 2020, at 1:00 p.m. to explain to the Court why the settlement should be approved and the case dismissed.

**IT IS FURTHER ORDERED** that the parties shall file any supplemental evidence to aid in the Court's decision, regarding both the fairness and reasonableness of the settlement payments to the Plaintiffs and the calculation of attorney fees, by July 10, 2020.

**DATED** this __2__ day of July, 2020.

_____
Gloria M. Navarro, District Judge
United States District Judge